**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 13, 2005**

**FOR THE TENTH CIRCUIT**

AMADOU BAH,

      Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General,

      Respondent.

No. 05-9507
(BIA No. A78-353-343)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, McKAY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Amadou Bah, a native and citizen of Guinea, seeks a petition for review of a final order denying his application for asylum, *see* 8 U.S.C. § 1158(a), or for restriction on removal, *see id.* § 1231(b)(3)(A), and ordering his removal.

**I.**

Mr. Bah was served with a notice to appear in October 2000, thus his petition for review is governed by the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act. *See Tsevegmid v. Ashcroft,* 336 F.3d 1231, 1234 n.3 (10th Cir. 2003). Under the permanent rules, "administrative findings of fact are conclusive unless [the record demonstrates that] any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Sviridov v. Ashcroft*, 358 F.3d 722, 727 (10th Cir. 2004). Because the Bureau of Immigration Appeals summarily affirmed and adopted the immigration judge's (IJ) decision without separate opinion, we review the IJ's order as the final agency determination. *Id.*

The IJ's credibility findings must be upheld if they are "substantially reasonable" and if the IJ gives "specific, cogent reasons for disbelieving" the alien's testimony. *Id.* Further, the agency's determination that Mr. Bah should not be granted asylum or restriction on removal must be affirmed unless it was "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D). Applying these standards to our careful review of the whole

administrative record, we conclude that Mr. Bah's petition for review must be

denied.

## II.

> To be eligible for asylum, an alien must be a "refugee," meaning that he or she must generally be outside his or her country of nationality and "unable or unwilling to return to . . . that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). As a general matter, once refugee status is established, whether to grant or deny an asylum application is within the discretion of the Attorney General.

*Elzour v. Ashcroft*, 378 F.3d 1143, 1148-49 (10th Cir. 2004) (footnote omitted).

> Generally speaking, an alien may not be removed to a particular country if he or she can establish a clear probability of persecution in that country on the basis of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1231(b)(3)(A). This test requires the alien to show that such persecution is more likely than not. It is therefore more demanding than the 'well-founded fear' standard applicable to an asylum claim.

*Id.* at 1149 (citations and quotation marks omitted). The IJ determined, after

several hearings over a period of two years and many opportunities to supplement

the administrative record, that Mr. Bah's allegations of fear of persecution and

harm if he returns to Guinea were neither credible nor well-founded, and that he

had not met his burden to establish a right to either asylum or to restriction on

removal. R. at 92.

**A.** As his first point of error, Mr. Bah asserts that his testimony was credible and consistent, thus clearly establishing his fear of persecution and right to asylum. But Mr. Bah's inconsistency was evident.

For example, Mr. Bah stated he was jailed and tortured three times, but only discussed two instances–in 1984 and 1986–in his asylum application. R. at 608. He later told an asylum officer that he was jailed three times: in 1984, 1986, and April, 1995, with his last detention lasting three months. R. at 578. At one of the hearings before the IJ, he testified that he was jailed three times, with his last arrest occurring in 1996, R. at 127. This testimony, however, conflicted with the fact that he left for the United States in August 1995. *See id.* at 131-32.

Mr. Bah then stated at the same hearing that his last arrest was around March of 1987, *id.* at 154, and that he was detained only two or three weeks, *id.* at 156. He later explained that, after marrying in 1991, he decided to take a position that was not at the forefront of the political movement he belonged to, *id.* at 195. But he then changed his testimony yet again the next day, asserting that his last arrest occurred in 1995. *Id.* at 218. The record does not support Mr. Bah's assertion in his brief that his detention periods lasted from "several weeks to six years." Petitioner's Br. at 3. The record conclusively shows that the longest time Mr. Bah claimed to be in prison was six months, in 1986. R. at 608.

Further, the IJ noted that Mr. Bah's passport was renewed in 1991 and 1995 and that he traveled freely in and out of the country between 1987 and 1995, showing that he apparently had no fear of further arrest or persecution before coming to the United States. And the IJ determined that certain of the documents he submitted in support of his claim appeared to be false or fraudulent. Our review of these documents shows that the IJ's observations are well supported. Mr. Bah did not clearly establish his status as a refugee.

**B.** As his second, interrelated claim of error, Mr. Bah argues that the IJ abused his discretion when he refused to give "due weight" to Mr. Bah's testimony, and that he also improperly based his credibility findings on "minor inconsistencies" in Mr. Bah's statements regarding his alleged participation in the 1980 Olympics.

As demonstrated above, however, Mr. Bah's credibility was seriously undermined by his testimony regarding alleged arrests that contained substantial inconsistencies. Further, Mr. Bah asserted that the Guinean government indicated in 2000 that it was going to imprison him for five years because of letters he allegedly authored and posted on the internet that were critical of the government. As the IJ pointed out, however, the internet letters Mr. Bah claimed he authored and posted from Kansas were signed with another name, N'Dourou Bah, from Colorado. *See* R. at 76-77.

Mr. Bah failed to authenticate documents he alleged were official, and these documents were also inconsistent with his testimony. For example, Mr. Bah submitted what he claimed was a court document dated February 2000 purporting to seize his villa located in Kaporo-Rails. But he had testified that, in 1998, the government bulldozed Kaporo-Rails, including his home, in an attempt to keep people from voting, and that his home no longer existed.

The IJ carefully explained why he believed the newspapers that Mr. Bah submitted included substitute pages that were inconsistent with the print and formatting of the rest of the newspaper. R. at 74-75. In sum, the IJ gave cogent, well-supported reasons for finding that Mr. Bah was not credible and that some of the documents he presented in support of his claims were false or fraudulent. The IJ's conclusion that Mr. Bah failed to establish that he had a well-founded fear of persecution if he were returned to Guinea is supported by substantial evidence. Thus "we cannot conclude that a reasonable adjudicator would be compelled to reject the immigration law judge's findings of facts," *Tsevegmid*, 336 F.3d at 1236, and we uphold the IJ's decision.

The petition for review is DENIED.

Entered for the Court


Monroe G. McKay
Circuit Judge